### E. E. DRIGGS v. THE STATE.

No. 2372. Decided January 29, 1902.

Recognizance—Verdict—Variance.

When the verdict assessed defendant's punishment at a fine of $10, and the recognizance on appeal recited the punishment as being a fine of $25, the recognizance was defective, the variance was fatal, and the appeal will be dismissed.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale, County Judge.

Appeal from a conviction of gaming; penalty, a fine of $10.

No statement required.

*Woods & Baldwin,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of gaming, and fined $10. The Assistant Attorney-General has filed the following motion to dismiss this appeal, to wit: "Appellant was charged with the offense of gaming, and upon trial was convicted, and his punishment, as shown by the verdict and judgment herein, assessed at a fine of ten dollars; that subsequent to the conviction, and in open court, he entered into a recognizance which describes the offense as being a misdemeanor, and the punishment as being a fine of twenty-five dollars. Therefore the State would show the court there is a variance between the recognizance and the verdict and judgment herein; that the recognizance misdescribes the judgment of the court, in that the judgment was for ten dollars, and the recognizance recites the same as a judgment for twenty-five dollars. Wherefore the State prays the court to dismiss this appeal, because there is not such recognizance herein as required by article 887, Code of Criminal Procedure, and therefore this court is without jurisdiction." An inspection of the record shows it sustains the motion, and it is accordingly sustained.

The appeal is dismissed.

*Appeal dismissed.*